## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HENRY M. LOVE,

    Plaintiff,

  v.

FRANCIS MALLOY, *et al.*,

    Defendants.

Case No. 24–cv–07509–ESK–SAK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on *pro se* plaintiff Henry M. Love's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.  FACTS AND PROCEDURAL HISTORY

    On February 16, 2024, plaintiff was assaulted by unidentified individuals at the Renaissance Plaza in Atlantic City. (ECF No. 1 p. 4.) Defendant Officers Francis Malloy, Edwin Maldonado, and Syid Evans White responded to the scene. (*Id.* pp. 4, 5.) According to plaintiff, the officers "used force to apprehend [him] causing injury to [his] ankle and loss of personal belongings." (*Id.*) He further alleges that defendants "did not care to investigate the alleged crime in which [plaintiff] was assaulted … ." (*Id.* pp. 6, 7.) He states that he was denied proper medical treatment. (*Id.*)

Plaintiff seeks compensation for emotional distress, use of force, and the loss of his personal belongings. (*Id.* p. 7.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

## III. DISCUSSION

To state a claim for relief pursuant to § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States,

2

and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

"When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). "The inquiry into whether this right was violated requires a balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *Id.* (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). This balancing requires an examination of the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Plaintiff has not presented any facts regarding the circumstances of his arrest that would permit a reasonable inference that the defendants used unreasonable force. I will dismiss this claim without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also has not stated a claim for the loss of his property. Primarily, he has not identified what property has been lost and how it came to be lost. Moreover, "[i]n order to determine whether an individual has been deprived of his property without due process 'it is necessary to ask what process the State provided, and whether it was constitutionally adequate.'" *Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 138 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). Plaintiff must provide more information about the lost property and what steps, if any, have been

undertaken to recover it or seek compensation. I will dismiss this claim without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent plaintiff alleges that he was denied medical care, he has also failed to state a claim. Courts in the Third Circuit apply the same standard for inadequate medical care claims brought by pretrial detainees under the Fourteenth Amendment as with Eighth Amendment claims brought by prisoners. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). To state a claim for relief, plaintiff must "make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). The Complaint does not contain any facts that would permit a reasonable inference that the defendants were deliberately indifference to plaintiff's medical needs. I will dismiss this claim without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). It is possible that plaintiff may be able to state a claim by providing more information, so I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

### IV.  CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a proposed

4

amended complaint within 45 days.   An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2025

5